**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD LEE MARTINEZ,

      Petitioner - Appellant,

v.

KEVIN MILYARD; JOHN SUTHERS,

      Respondents - Appellees.

No. 10-1294

(D. Colorado)

(D.C. No. 1:08-CV-00128-CMA)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Richard Lee Martinez, a Colorado state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the denial of his 28 U.S.C. § 2254 habeas petition alleging various infirmities in two

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

separate Colorado state court convictions for sexual assault. To obtain a COA, Mr. Martinez must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Because Mr. Martinez has not made such a showing, we deny him a COA and dismiss this matter.

**BACKGROUND**

As indicated above, this case relates to two separate Colorado state court convictions involving Mr. Martinez: Montrose County District Court Nos. 97CR127 and 97CR180. In state court conviction No. 97CR127, Mr. Martinez was convicted of attempted first-degree sexual assault, sexual assault on a child, and four counts of being an habitual criminal. The offenses involved Mr. Martinez's attempt to have sexual intercourse with his sixteen-year-old biological daughter. He was sentenced to sixteen years' imprisonment for the crimes. His convictions and sentence were affirmed on direct appeal. See People v. Martinez, No. 98CA0386 (Colo. Ct. App., Dec. 9, 1999) (unpublished). The Colorado Supreme Court denied certiorari review.

Mr. Martinez also filed three unsuccessful postconviction attacks on his convictions and sentence in No. 97CR127. See People v. Martinez, No. 00CA1781 (Colo. Ct. App., June 21, 2001) (unpublished); People v. Martinez, No. 01CA2131 (Colo. Ct. App., Feb. 20, 2003) (unpublished); and People v.

Martinez, Nos. 04CA1760 and 05CA1593 (Colo. Ct. App., March 22, 2007) (unpublished).[1]  On July 16, 2007, Mr. Martinez was denied certiorari review of his third postconviction motion.

In state court conviction No. 97CR180, Mr. Martinez was convicted of two counts of second-degree sexual assault, one count of attempted second-degree sexual assault, one count of first-degree sexual assault, and one count of second-degree burglary.  These offenses arose out of Mr. Martinez's sexual assault of another woman (i.e., not his biological daughter).  The court sentenced him to fifty-nine years' imprisonment, to be served consecutively to the sentence in case No. 97CR127.  His convictions and sentences were affirmed on direct appeal. See People v. Martinez, 36 P.3d 154 (Colo. Ct. App. 2001).  On December 17, 2001, Mr. Martinez was denied certiorari review.

In 2003, Mr. Martinez filed a postconviction motion, pursuant to Colo. R. Crim. P. 35(c), in case No. 97CR180, alleging ineffective assistance of counsel. On June 30, 2004, while his Rule 35(c) motion was still pending, Mr. Martinez filed a *pro se* postconviction motion alleging that his sentence was unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004).  The trial court denied that motion on July 20, 2004.  Following a hearing on the claim of ineffective assistance of counsel, the trial court denied Mr. Martinez's Rule 35(c)

[1]The last case was the consolidated appeal from the denial of his third postconviction motion in No. 97CR127 and his first postconviction motion in No. 97CR180.

motion. The Colorado Court of Appeals affirmed the denial of both of those motions. On July 16, 2007, certiorari review was denied.

Mr. Martinez then filed the instant application, raising claims relating to case No. 97CR127 and case No. 97CR180. With respect to case No. 97CR127, Mr. Martinez claimed that the trial court erred when it: (1) allowed him to waive his right to counsel when he was under a claimed mental disability and therefore unable to make such a decision; and (2) did not grant him a continuance when his investigator withdrew one week before trial. Concerning case No. 97CR180, Mr. Martinez alleged that the trial court erred when it: (3) admitted evidence of other acts under Colo. R. Evid. 404(b); (4) admitted statements he made during the course of plea negotiations; (5) failed to instruct the jury on the defense of consent by his alleged victim; and (6) gave an inadequate limiting instruction on the other acts evidence. With respect to case No. 97CR180, Mr. Martinez also claimed that his trial counsel was ineffective.

The district court carefully reviewed the record and Mr. Martinez's allegations. With respect to each claim, the court first considered whether the claim had been properly exhausted and/or was procedurally barred. It then either addressed the merits of each claim or found it procedurally barred. Accordingly, the district court determined that Mr. Martinez's first claim (waiver of right to counsel) was exhausted but should be dismissed on its merits. The court dismissed the second claim (not granting continuance) and third claim (admission

of other acts evidence) as procedurally barred. With respect to the fourth claim (admission of statements made during plea negotiations), the fifth claim (failure to instruct on the defense of consent), and the sixth claim (inadequate limiting instruction on other acts evidence), the court determined they were all exhausted but should be dismissed on their merits. Finally, regarding Mr. Martinez's seventh claim (ineffective assistance of trial counsel), the court noted that respondents conceded it was exhausted, but again determined it should be dismissed on its merits. As stated above, Mr. Martinez seeks a COA in order to appeal that decision.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make "a substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted). Thus, when the district court has ruled on the merits of the prisoner's claims, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the district court ruled on procedural grounds, a COA may be granted when the

petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

The district court dismissed two claims on procedural grounds, and the remaining four on their merits. The district court's opinion was meticulous, thorough and lengthy, and it explained fully each disposition. We cannot see how reasonable jurists would find any of the court's determinations debatable, let alone wrong. Accordingly, we deny Mr. Martinez his requested COA for substantially the reasons stated in the district court's order dated June 30, 2010.

## CONCLUSION

For the foregoing reasons, we DENY a COA, DENY Mr. Martinez leave to proceed *in forma pauperis*, and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge